1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT FOR THE
7                      EASTERN DISTRICT OF CALIFORNIA
8
9   TERRY STUART,                    )   1:06-cv-01236 OWW NEW (DLB) P
                                     )
10          Plaintiff,               )   **FINDINGS AND RECOMMENDATIONS**
                                     )   **RECOMMENDING DISMISSAL OF**
11  vs.                              )   **ACTION, WITH PREJUDICE, FOR**
                                     )   **FAILURE TO OBEY A COURT ORDER**
12  LT. R. HENDERSON, et al.,        )   **AND FAILURE TO STATE A CLAIM**
                                     )   **UPON WHICH RELIEF MAY BE**
13          Defendants.              )   **GRANTED**
    ─────────────────────────────   )
14                                       (Doc. 14)
15
16      Plaintiff Terry Stuart ("plaintiff") is a prisoner proceeding
    pro se and in forma pauperis in this civil rights action pursuant
17  to 42 U.S.C. § 1983.
18
        By order filed March 5, 2007, the court found that plaintiff's
19  complaint failed to state any claims for relief against the named
20  defendants.  The court dismissed plaintiff's complaint and ordered
21  plaintiff to file an amended complaint within thirty days from the
22  date of service of that order.  More than thirty days have passed
23  and plaintiff has not filed an amended complaint or otherwise
24  responded to the court's order.[1]
25
26  ────────────────────
27      [1] The United States Postal Service returned the order served on plaintiff on
    March 21, 2007, as undeliverable.  A notation on the envelope indicated:  Return
    to Sender - Cannot Locate.  However, plaintiff has not notified the court of any
28  change in his address.  Absent such notice, service at a party's prior address is

                                    1

1    Local Rule 11-110 provides that "failure of counsel or of a

2  party to comply with these Local Rules or with any order of the

3  Court may be grounds for the imposition by the Court of any and all

4  sanctions . . . within the inherent power of the Court."  District

5  courts have the inherent power to control their dockets and "in the

6  exercise of that power, they may impose sanctions including, where

7  appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>,

8  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

9  with prejudice, based on a party's failure to prosecute an action,

10  failure to obey a court order, or failure to comply with local

11  rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.

12  1995)(dismissal for noncompliance with local rule); <u>Ferdik v.</u>

13  <u>Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

14  failure to comply with an order requiring amendment of complaint);

15  <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

16  failure to comply with local rule requiring pro se plaintiffs to

17  keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833

18  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

19  court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.

20  1986)(dismissal for failure to lack of prosecution and failure to

21  comply with local rules).

22    In determining whether to dismiss an action for lack of

23  prosecution, failure to obey a court order, or failure to comply

24  with local rules, the court must consider several factors: (1) the

25  public's interest in expeditious resolution of litigation; (2) the

26  court's need to manage its docket; (3) the risk of prejudice to the

27

28  fully effective.  <u>See</u> Local Rule 83-182(f).

2

defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order of March 5, 2007, requiring plaintiff to file an amended complaint, expressly stated: "If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted."  Thus, plaintiff had adequate warning that dismissal would result from non-compliance with the court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for plaintiff's failure to obey the court's order of March 5, 2007, andfor failure to state a claim

upon which relief may be granted.

    These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **eleven (11) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


    IT IS SO ORDERED.

    Dated:   **June 14, 2007**              **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE